UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     <u>NOT FOR PUBLICATION</u>
RICO ROBERTS,

                          Petitioner,     **MEMORANDUM**
**AND ORDER**
           -against-     16-CV-2055 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 0 5 2016 ★

BROOKLYN OFFICE

SUPERINTENDENT ARTUS,

                        Respondent.
-------------------------------------------------------------X
DONNELLY, United States District Judge:

       Petitioner Rico Roberts, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an

initial consideration of this petition and, for the reasons set forth below, determined that the petition

appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  The Court directs the petitioner to show cause within 30

days of the entry of this Memorandum and Order why the petition should not be dismissed as

time-barred.

### <u>BACKGROUND</u>

       The petitioner was convicted on July 25, 2007, in the Supreme Court of the State of New York,

Kings County, of murder in the second degree and attempted robbery in the first degree and he was

sentenced to sixteen years to life imprisonment upon a jury verdict. (Pet. at ¶¶ 1–6.)  On July 28, 2009,

the Appellate Division affirmed the conviction.  *People v. Roberts*, 64 A.D.3d 796 (2d Dep't 2009).

The petitioner states that he sought further review by the State of New York Court of Appeals, but he

does not provide the date he filed for leave to appeal or the date of the New York Court of Appeals

1

decision. (*See* Pet. at ¶ 9(g).) The petitioner did not file a writ of *certiorari* to the United States Supreme Court. (Pet. at ¶ 9(h).)

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition may be untimely. A conviction becomes final upon expiration of the 90-day period for seeking a writ of *certiorari*. *Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition must be filed in this Court on or before the one year limitations period expires. Because the petitioner does not provide the date that the State of New

---

[1] The petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

York Court of Appeals denied his application for leave to appeal, *see* Pet. at ¶ 9(g), the Court cannot determine when the petitioner's conviction became final. Therefore, unless the petitioner can show that the one-year statute of limitations period has not expired or should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

Tolling

    A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*); *see also Evans v. Senkowski*, 228 F.Supp.2d 254, 260 (E.D.N.Y. 2002) (explaining that the AEDPA's tolling provision "stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired.") (citing *Smith*, 208 F.3d at 17). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219–21 (2002).

Here, the petitioner filed a post-conviction motion under N.Y. Crim. Proc. Law 440 ("440 motion") on January 22, 2014 which appears to have been denied on December 4, 2014 by the trial court, affirmed by the appellate court on April 8, 2015, and leave denied by the court of appeals on July 29, 2015. (*See* Pet. at ¶ 11(a); Unmarked Exs.) Because it is unclear when the conviction became final, the Court cannot determine whether the 440 motion can be counted for statutory tolling purposes

3

under § 2244(d)(2). If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling. *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (a state collateral proceeding commenced after the statute of limitations has run does not reset the limitations period); *see also Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008) (finding that where the petitioner filed a 440 motion after the one-year limitations period had already expired, the "subsequent state court collateral attack [did] not toll the federal limitations period").

   B. Equitable Tolling

   The limitations period may also be equitably tolled. *Holland v. Florida,* 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations and citations omitted)); *Harper v. Ercole*, 648 F.3d 132, 136–38 (2d Cir. 2011). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). Situations that might justify equitable tolling include confiscation of a petition, an appeals court failure to inform a petitioner that his appeal was denied, or a lawyer's failure to file a habeas petition when explicitly directed to do so. *Dillon*, 642 F.3d at 363 (citations omitted). The petitioner is responsible for showing that such circumstances exist. *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

## CONCLUSION

   Accordingly, the Court directs the petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as

---

[2] An affirmation form is attached to this order for the petitioner's convenience.

4

time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In the affirmation, the petitioner must provide the date he sought review from the State of New York Court of Appeals of the Appellate Division's decision affirming his conviction on July 28, 2009 and the date of the State of New York Court of Appeals decision. The petitioner's current exhibits only relate to his post-conviction motion and do not relate to the direct appeal of his conviction.

If available, the petitioner may include as exhibits any decisions he has related to his direct appeal. If the 440 motion was filed after the statute of limitations expired and statutory does not apply, the petitioner may also include any facts to support equitable tolling of the limitations period.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order. If the petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
May 4, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

RICO ROBERTS,

                    Petitioner,

    -against-

SUPERINTENDENT ARTUS,

                    Respondent.

————————————————————————X

**PETITIONER'S
AFFIRMATION**

**16-CV-2055 (AMD)**

STATE OF   _____    }
COUNTY OF _____   } SS:

      RICO ROBERTS, appearing *pro se*, makes the following affirmation under the penalties

of perjury:  I am the petitioner in this action and I respectfully submit this affirmation in response

to the Court's Order dated _____.

      I sought further review by the State of New York Court of Appeals of my judgment of

conviction and on _____ , the State of New York Court of Appeals denied leave to

appeal.  The instant petition should not be time-barred by the one-year period of limitation because

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code